UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Talana Blackwell, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Northstar Location Services, LLC; and DOES 1-10, inclusive, | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, Talana Blackwell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Talana Blackwell ("Plaintiff"), is an adult individual residing in Tulsa, Oklahoma, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Northstar Location Services, LLC ("Northstar"), is a New York

business entity with an address of 4285 Genesee Street, Buffalo, New York 14225-1943, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Northstar and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Northstar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Northstar Engages in Harassment and Abusive Tactics

12. Within the last year, Northstar has placed daily calls to Plaintiff's residential and cellular telephones in an attempt to collect the Debt.

13. Plaintiff has told Northstar that she cannot take personal calls while working and

asked Northstar not to place calls to her cellular telephone during business hours.

14.     Despite Plaintiff's request, Northstar has continued to place calls to Plaintiff while she is at her place of employment.

15.     On or about January 16, 2012, Plaintiff spoke with Northstar and advised it that she had retained legal representation. Northstar refused to listen to Plaintiff. Instead, Northstar terminated the call with Plaintiff and immediately placed a subsequent call to her in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

21.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants

3

contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

22. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II
VIOLATIONS OF NEW YORK GBL § 349
ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS**

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

30. The Defendants willfully and knowingly engaged in conduct constituting

deceptive acts and practices in violation of NY GBL§ 349.

31. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

32. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 10, 2012

                                          Respectfully submitted,

                                          By _____

                                          Sergei Lemberg (SL 6331)
                                          LEMBERG & ASSOCIATES L.L.C.
                                          300 International Drive, Suite 100
                                          Williamsville, NY 14221
                                          Telephone: (203) 653-2250
                                          Facsimile: (203) 653-3424
                                          Attorneys for Plaintiff